PER CURIAM.
We affirm the final judgment terminating the mother’s parental rights as to her minor son, T.K. The final judgment was based on the mother’s constructive consent to the Petition for Termination of Parental Rights and Permanent Commitment of Minor Child filed by the Department of Children and Families. By her consent to the petition for termination of parental rights, the mother acknowledged that a case plan would be futile and thus implicitly agreed that termination is the least restrictive means of protecting the child from harm. See In re G.M., 36 So.3d 869, 872 (Fla. 2d DCA 2010).
In December 2011, the Department filed a petition for termination of the mother’s parental rights as to T.K., alleging that 1) the mother abandoned the child; 2) the mother engaged in conduct demonstrating that the continuing involvement of the parent in the parent-child relationship threatened the life and well-being of the children, irrespective of the provision of services; and 3) the mother failed to substantially comply with the reunification case plan.
When the trial court held an advisory hearing, the mother failed to appear. Pursuant to section 39.801(3)(d), Florida Statutes, the court entered a consent on the mother’s behalf to the petition for termination of parental rights. The court then proceeded to hear testimony as to whether the termination of parental rights was in the manifest best interests of the child.
Following the hearing, the court entered a final judgment of termination of parental rights, concluding that 1) the mother consented to the termination, 2) the termination was in the child’s manifest best interests, and 3) termination was the least restrictive means of protecting the child from harm. The mother appealed, raising two issues: (1) the trial court erred in failing to set forth specific findings of fact supporting its conclusion that termination was the least restrictive means of protecting the child from harm, and (2) the trial court’s finding that termination of parental rights was the least restrictive means of protecting the child from harm was not supported by the evidence.
When a parent fails to appear at a TPR advisory hearing after having been properly served, the parent’s failure to personally appear constitutes consent for termination of parental rights. See § 39.801(3)(d), Fla. Stat. (2011) (“If the person served with notice under this section fails to personally appear at the advisory hearing, the failure to personally appear shall constitute consent for termination of parental rights by the person given notice.”). “This provision is necessary to ensure that the object of the petition is not defeated by the parent’s neglect of the proceeding.” J.B. v. Fla. Dep’t of Children and Family Servs., 768 So.2d 1060, 1067 (Fla.2000).
In Florida Department of Children and Family Services v. P.E., 14 So.3d 228, 236 (Fla.2009), the Florida Supreme Court held that “where an order has been properly entered determining that a parent’s failure to appear constitutes consent pursuant to section 39.801(3)(d), the parent may not challenge the basis for the termination of parental rights.” The court reasoned:
Once the trial court has deemed the parent to have consented to the termi *245 nation, there is no basis for the parent to complain that the trial court did not consider evidence establishing the existence of a ground for termination under section 89.806(1). The constructive consent provision of section 39.801(3)(d) can only be reasonably understood as providing a basis for termination which precludes a defaulting parent’s objection to the absence of proof of a ground for termination under section 39.806(1).

Id.

Following P.E., the Second District ruled that where a parent acknowledges through consent to the TPR petition that a case plan would be futile, the parent implicitly agrees that termination is the least restrictive means. See In re G.M., 36 So.3d 869, 872 (Fla. 2d DCA 2010). In that case, the Second District held that where the father consented to the termination of parental rights, the trial court erred in denying the petition for termination of parental rights on the ground that the Department failed to establish that termination was the least restrictive means of protecting the child from harm. Id. at 870-72. The appellate court reasoned that by entering his consent to the allegation that his continuing involvement in the parent-child relationship would threaten the life, safety, or well-being of the children irrespective of services, the father “agreed that his continued involvement would pose a threat to the children with or without a case plan.” Id. at 872. Furthermore, noting that the father had never contested the issue of least restrictive means below, the court explained that although “the trial court must determine whether termination is in the manifest best interest of the child regardless of whether the parents participate in the final hearing, no such requirement exists regarding the issue of least restrictive means.” Id. (citation omitted).
We agree with the Second District’s holding in G.M. In this case, by failing to appear at the advisory hearing, the mother gave constructive consent under section 39.801(3)(d) to the termination of her parental rights. The petition for termination of parental rights specifically alleged that the mother’s continuing involvement in the parent-child relationship threatened the life, safety, or well-being of the child irrespective of the provision for services. Accordingly, as in G.M., by acknowledging through her constructive consent that a case plan would be futile, the mother implicitly agreed that termination was the least restrictive means of protecting the child.
The mother suggests that consent constitutes only grounds for termination, but that the trial court must still perform an independent analysis as to whether termination is the least restrictive means of protecting the child. Even if such a requirement did exist, the trial court satisfied it. We conclude that the trial court’s finding that termination of the mother’s parental rights was the least restrictive means of protecting the child from harm was supported both by specific findings of fact and by competent substantial evidence. The record demonstrates that measures short of termination had already been taken in the form of a detailed case plan, but the mother failed to comply.

Affirmed.

MAY, C.J., TAYLOR and CIKLIN, JJ., concur.